**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANJUN LIU,

           Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 09-71606

Agency No. A099-723-849

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

    Dianjun Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The agency found Liu not credible for several reasons, including an inconsistency between Liu's testimony and documentary evidence regarding his reasons for departing China, and his lack of response to questions about this inconsistency. In light of these findings, substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (adverse credibility determination supported in part based on inconsistencies relating to the events leading up to petitioner's departure). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

Finally, we reject Liu's contention that the IJ's actions during the merits hearing deprived him of a full and fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail in due process claim).

**PETITION FOR REVIEW DENIED.**